UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DE'JA LE'AIGNER PENN,<br><br>Plaintiff,<br><br>v.<br><br>GREG HORN, *et al.*,<br><br>Defendants. | Case No. 26-11920<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER INSTRUCTING PLAINTIFF TO COMPLETE SERVICE AND SEEK DEFAULT REMEDIES AGAINST DEFENDANT HORN**

Plaintiff De'Ja Le'Aigner Penn, proceeding pro se and in forma pauperis, filed this employment discrimination action against Defendant Detroit Defense, her former employer. ECF No. 1. She also names Greg Horn, Charles Diamond, Michele Mrachina, and Madison Barr in her complaint. *Id.*, PageID.2-3. Penn asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.*; the Federal Occupational Safety and Health Act, 29 U.S.C. § 654; and the General Duty Clause of the Michigan Occupational Safety and Health Act, Mich. Comp. Laws § 408.1011. ECF No. 1, PageID.4. The Honorable Mark A. Goldsmith

referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11.

In June 2026, Judge Goldsmith directed Penn to complete and present service documents to the Clerk's Office. ECF No. 7. He also directed the Marshal Service to complete service without payment of costs. *Id.* The Marshal Service acknowledged receipt of the service documents, but only Detroit Defense and Horn were served. ECF No. 10; ECF No. 14. Notably, Penn's service documents listed Detroit Defense's address as the service address for *all* defendants. ECF No. 10. So service remained outstanding as to Diamond, Mrachina, and Barr after the Marshal Service's efforts. Yet Penn took no action to serve Diamond, Mrachina, and Barr after the attempted service of all defendants at Detroit Defense's address.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint. If the plaintiff does not do so, the Court must dismiss the action without prejudice as to the unserved defendant "or order that service be made within a specified time." Fed R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure, the Court must extend the time for service. *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003).

For litigants proceeding *in forma pauperis*, “good cause” may depend on the Marshal Service’s efforts to serve the defendant. That is because when a plaintiff proceeds *in forma pauperis*, “the officers of the court shall issue and serve all process,” and the Marshal Service has a duty to make reasonable efforts to serve defendants. 28 U.S.C. § 1915(d) (cleaned up); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004). Thus, “‘a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshal and should not be penalized for failure of the Marshal’s Service to properly effect service of process, *where such failure is through no fault of the litigant*.’” *VanDiver*, 304 F. Supp. 2d at 940 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

But “a plaintiff may not remain silent and do nothing to effectuate service,” and “at a minimum should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*.” *Id.* at 940 (cleaned up) (emphasis added).

Because Penn took no action to complete service on Diamond, Mrachina, and Barr, the Court ordered Penn to show cause why those defendants should not be dismissed for failure to prosecute. ECF No. 15. The Court also ordered Penn to show cause because Horn had to answer the complaint by August 6, 2026, and Horn failed to do so. *See* ECF No.

14. Yet Penn has taken no action to address Horn's failure to answer. Penn responded to the show cause but stated that she was unaware of any missed obligations. ECF No. 16.

Penn bears the responsibility of ensuring that defendants are served, and failure to carry out that responsibility can result in the dismissal of her case against the unserved defendants. *See VanDiver*, 304 F. Supp. 2d at 942 (dismissing complaint because the plaintiff was at fault for not ensuring that defendants were served). That same responsibility applies to seeking default remedies against Horn for failure to answer the complaint. *See Jones v. Doslowe*, No. 2:25-cv-10681, 2026 WL 1661960, at *1 (E.D. Mich. June 9, 2026) ("In fact, courts may dismiss a complaint under Civil Rule 41(b) *sua sponte* where the plaintiff fails to seek an entry of default against a defendant that has not appeared or answered the complaint for a lengthy period of time." (citing *Snider v. Beechler*, No. 1:20-cv-648, 2023 WL 4065940, at *1 (E.D. Mich. Mar. 2, 2023)). The Court cannot litigate Penn's case for her. Going forward, she must take care to ensure that all of her litigation obligations are satisfied.[1]

[1] Penn is advised to seek assistance from the Court's Pro Se Clinic (313-234-2690 // proseclinic@udmercy.edu) going forward.

Penn is **ORDERED** to complete service upon Diamond, Mrachina, Barr within **30 days** of this order. It is also **ORDERED** that Penn seeks a clerk's entry of default against Horn within **30 days**, consistent with the requirements of Federal Rule of Civil Procedure 55. **Failure to do either will result in a recommendation that those defendants be dismissed for failure to prosecute**.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 26, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

# CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager